**MEMO ENDORSED**



```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 6/28/07     │
└─────────────────────────┘
```

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ANDREZ CARBERRY
Assistant Corporation Counsel
Labor and Employment Law Division
Phone: (212) 788-0924
Fax: (212) 788-0940
E-mail: acarberr@law.nyc.gov

June 25, 2007

**VIA ECF**
Honorable P. Kevin Castel
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street, Rm 2260
New York, New York 10007

      Re: Walter Lipscomb v. The City of New York, et al.,
          Docket No. 07-CV-4603 (PKC)(FM)

Dear Judge Castel:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced action in which plaintiff alleges violations of: 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981, 1983 and 1985; New York State Human Rights Law, § 290 et seq., and the New York City Human Rights Law, New York City Administrative Law § 8-107 alleging that he was discriminated against because of his race, color and in retaliation for having participated in a prior class action lawsuit filed against the City of New York and the NYPD. As set forth more fully below, I write on behalf of all defendants served with the complaint to date[1] (collectively "defendants") to respectfully request a forty-five (45) day enlargement of time, until August 13, 2007, for defendants to respond to the complaint in this action. Defendant City of

---

[1] Upon information and belief Sergeant Vincent Gravelli has not been served with a copy of the summons and complaint in this matter. Counsel for plaintiff asserts that he has effectuated service upon defendants Inspector Theresa Shortell and Lieutenant Michael Casey, however, no affidavit has been filed with the Court.

New York's time to respond to the Complaint expires on June 28, 2007. No prior request for this relief has been made by defendants. Plaintiff's counsel consents to the instant application.

This extension is necessary to investigate plaintiff's allegations and to review documents that may be relevant to this action, and because pursuant to 50-k of the New York General Municipal Law, the Corporation Counsel's Office must determine, based on a review of the facts of the case, whether we may represent the individually named defendants. The individual defendants must then decide whether or not they wish to be represented by the Corporation Counsel's Office. See Dunton v. County of Suffolk, 729 F.2d 903 (2d. Cir. 1984). If so, I must obtain their written authorizations. Only then can the individually-named defendants be interviewed in order to make decisions as to how to proceed in the case.

Accordingly, on behalf of all defendants served to date, I respectfully request that their time to respond to the complaint be extended from June 28, 2007 until August 13, 2007. OK Thank you for your consideration of this request.

Respectfully submitted,

Andrez Carberry (AC 4267)
Assistant Corporation Counsel

Application granted
SO ORDERED

6-27-07

cc: John Ware Upton (By Mail)
*Attorney for Plaintiff*

2