UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

WALTER LIPSCOMB,

                                                      Plaintiff, **ANSWER**

                 -against-                        07-CV-4603 (PKC)(FM)

THE CITY OF NEW YORK, DEPUTY INSPECTOR THERESA
SHORTELL, LIEUTENANT MICHAEL CASEY, AND
SERGEANT VINCENT GRAVELLI,

                                                      Defendants.

------------------------------------------------------------------------ x

       Defendant, Sergeant Vincent Gravelli (retired) ("Defendant") by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his Answer to the Complaint, respectfully alleges as follows:

       1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

       2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

       3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to seek damages and other relief as set forth therein.

       4.     Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to assert a demand for costs and attorney's fees as set forth therein.

       5.     Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiff purports to state the basis for venue in this Court as set forth therein.

6. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the Complaint, excepts admit, upon information and belief, that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that, upon information and belief, the EEOC issued plaintiff a right to sue letter on February 28, 2007.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York is a municipal corporation organized and existing under the laws of the State of New York and that the City of New York is authorized by law to maintain the New York City Police Department ("NYPD").

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that defendant Theresa Shortell is a white female, is employed as a Deputy Inspector with the NYPD and is assigned to the 6th Precinct.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except admits that defendant Michael Casey is a white male, is employed as a Lieutenant with the NYPD and is assigned to the 6th Precinct.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that defendant Vincent Gravelli is a white male, was employed as a Sergeant with the NYPD and was assigned to the 6th Precinct.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admits that plaintiff

purports to proceed against defendants Shortell, Casey and Gavelli in their individual and official capacities.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that plaintiff was employed as with the NYPD and upon information and belief was appointed to his position on January 9, 1986.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiff was a member of the class certified in <u>Latino Officers Association et al., v. The City of New York et al.</u>, 99 CV 9568 (LAK)(KNF) lawsuit and that he agreed to a monetary settlement of his claims as a class member.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except admits that plaintiff filed a complaint of discrimination with the NYPD's Office of Equal Employment Opportunity on or about April 4, 2006.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. In response to paragraph "23" of the Complaint, defendant repeats and realleges his responses set forth in paragraphs "1" through "22" inclusive of his answer as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. In response to paragraph "27" of the Complaint, defendant repeats and realleges his responses set forth in paragraphs "1" through "26" inclusive of his answer as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. In response to paragraph "31" of the Complaint, defendant repeats and realleges his responses set forth in paragraphs "1" through "30" inclusive of his answer as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. In response to paragraph "35" of the Complaint, defendant repeats and realleges his responses set forth in paragraphs "1" through "34" inclusive of his answer as if fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. In response to paragraph "38" of the Complaint, defendant repeats and realleges his responses set forth in paragraphs "1" through "37" inclusive of his answer as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. In response to paragraph "41" of the Complaint, defendant repeats and realleges his responses set forth in paragraphs "1" through "40" inclusive of his answer as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

### FOR A FIRST DEFENSE:

44. The Complaint fails to state a claim upon which relief may be granted in whole or in part.

### FOR A SECOND DEFENSE:

45. Any claims in the complaint under Title VII which accrued more than 300 days prior to plaintiff's filing of his charge of discrimination with the EEOC are time-barred.

### FOR A THIRD DEFENSE:

46. Any Title VII claims contained in the federal complaint which were not also contained in the plaintiff's charge of discrimination filed with the EEOC must be dismissed for failure to exhaust administrative remedies.

### FOR A FOURTH DEFENSE:

47. Defendant Gravelli is not subject to suit under Title VII.

### FOR A FIFTH DEFENSE:

48. Plaintiff's claims under Title VII are time-barred because, upon information and belief, plaintiff commenced this action more than 90 days after receipt of a right to sue letter from the EEOC.

## FOR A SIXTH DEFENSE:

49. Defendant Gravelli is qualifiedly immune from suit under plaintiffs' § 1981 and state law claims.

## FOR A SEVENTH DEFENSE:

50. Plaintiff's state law claims fail to state a cause of action since plaintiff has failed to comply with notice of claim requirements.

## FOR AN EIGHTH DEFENSE:

51. Defendant Gravelli had legitimate business reasons for taking any of the alleged discriminatory acts complained of by plaintiff.

## FOR A NINTH DEFENSE:

52. The damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

## FOR A TENTH DEFENSE:

53. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## FOR AN ELEVENTH DEFENSE:

54. Defendant Gravelli exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the respondents or to otherwise avoid harm.

## FOR AN TWELFTH DEFENSE:

55. To the extent plaintiff asserts claims which pre-date the release he executed in connection with his class member claims in Latino Officers Association et al., v. The

City of New York et al., 99 CV 9568 (LAK)(KNF), those claims are barred by the doctrines of waiver and release.

**WHEREFORE**, defendant Gravelli respectfully requests that the Complaint be dismissed in its entirety and the relief sought therein be denied in all respects, with costs and disbursements.

Dated:      New York, New York
            October 23, 2007

> MICHAEL A. CARDOZO
> Corporation Counsel of the
>   City of New York
> Attorney for Defendant Gravelli
> 100 Church Street, Room 2-300
> New York, New York 10007
> (212) 788-0924
>
> By: _____
>     Andrez Carberry (AC 4267)
>     Assistant Corporation Counsel

TO:   John Ware Upton, Esq.
      *Attorney for Plaintiff*
      70 Lafayette Street, 7th Floor
      New York, NY 10013
      (212)-233-9300

Docket No. 07-CV-4603 (PKC)(FM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| WALTER LIPSCOMB,<br><br>               Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK, DEPUTY INSPECTOR THERESA SHORTELL, LIEUTENANT MICHAEL CASEY, AND SERGEANT VINCENT GRAVELLI,<br><br>               Defendants. |
| **ANSWER** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant Gravelli*<br>*100 Church Street, Room 2-300*<br>*New York, NY 10007*<br><br>*Of Counsel: Andrez Carberry*<br>*Tel: (212) 788-0924*<br>*Matter no.: 2007-018335* |
| *Due and timely service is hereby admitted*<br><br>*New York, N.Y. ............................................, 200 . . .*<br><br>*................................................................Esq.*<br><br>*Attorney for ................................................................* |