UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

WALTER LIPSCOMB,

                                                Plaintiff,  **ANSWER**

                  -against-                                    07-CV-4603 (PKC)(FM)

THE CITY OF NEW YORK, DEPUTY INSPECTOR THERESA
SHORTELL, LIEUTENANT MICHAEL CASEY, AND
SERGEANT VINCENT GRAVELLI,

                                                Defendants.

------------------------------------------------------------------------------- x

        Defendants, The City Of New York, Deputy Inspector Theresa Shortell, Lieutenant Michael Casey and Sergeant Vincent Gravelli (retired) (collectively "Defendants") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint, respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

        3.    Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to seek damages and other relief as set forth therein.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to assert a demand for costs and attorney's fees as set forth therein.

5. Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit that plaintiff purports to state the basis for venue in this Court as set forth therein.

6. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "6" of the Amended Complaint, except admit, upon information and belief, that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that, upon information and belief, the EEOC issued plaintiff a right to sue letter on February 28, 2007.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York and that the City of New York is authorized by law to maintain the New York City Police Department ("NYPD").

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that defendant Theresa Shortell is a white female, is employed as a Deputy Inspector with the NYPD and is assigned to the 6th Precinct.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that defendant Michael Casey is a white male, is employed as a Lieutenant with the NYPD and is assigned to the 6th Precinct.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that defendant Vincent Gravelli is a white male, was employed as a Sergeant with the NYPD and was assigned to the 6th Precinct.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint, except admit that plaintiff purports to proceed against defendants Shortell, Casey and Gavelli in their individual and official capacities.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that plaintiff was employed as with the NYPD and upon information and belief was appointed to his position on January 9, 1986, that he was assigned to the Sixth Precinct in 1987 and that he remained at that assignment for the remainder of his employment with the NYPD.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that plaintiff was a member of the class certified in <u>Latino Officers Association et al., v. The City of New York et al.</u>, 99 CV 9568 (LAK)(KNF) lawsuit.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22. Deny the allegations set forth in paragraph "22" of the Amended Complaint, except admit that plaintiff was a member of the class certified in <u>Latino Officers Association et al., v. The City of New York et al.</u>, 99 CV 9568 (LAK)(KNF) lawsuit and that he agreed to a monetary settlement of his claims as a class member.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint, except admit that Eric Adams is an African American male and was assigned to the 6th Precinct for a brief period of time.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint, except admit that plaintiff filed a Amended Complaint of discrimination with the NYPD's Office of Equal Employment Opportunity on or about April 4, 2006.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. In response to paragraph "28" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "22" inclusive of their answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. In response to paragraph "32" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "26" inclusive of their answer as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36. In response to paragraph "36" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "30" inclusive of their answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40. In response to paragraph "40" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "34" inclusive of their answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. In response to paragraph "43" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "37" inclusive of their answer as if fully set forth herein.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

46. In response to paragraph "46" of the Amended Complaint, defendants repeat and reallege their responses set forth in paragraphs "1" through "40" inclusive of their answer as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Amended Complaint.

**FOR A FIRST DEFENSE:**

49. The Amended Complaint fails to state a claim upon which relief may be granted in whole or in part.

**FOR A SECOND DEFENSE:**

50. Any claims in the Amended Complaint under Title VII which accrued more than 300 days prior to plaintiff's filing of his charge of discrimination with the EEOC are time-barred.

**FOR A THIRD DEFENSE:**

51. Any Title VII claims contained in the federal Amended Complaint which were not also contained in the plaintiff's charge of discrimination filed with the EEOC must be dismissed for failure to exhaust administrative remedies.

**FOR A FOURTH DEFENSE:**

52. Defendants Shortell, Casey and Gravelli are not subject to suit under Title VII.

**FOR A FIFTH DEFENSE:**

53. Plaintiff's claims under Title VII are time-barred because, upon information and belief, plaintiff commenced this action more than 90 days after receipt of a right to sue letter from the EEOC.

**FOR A SIXTH DEFENSE:**

54. Defendants Shortell, Casey and Gravelli are qualifiedly immune from suit under plaintiffs' §§ 1981, 1983 and 1985 claims and under plaintiff's state law claims.

**FOR A SEVENTH DEFENSE:**

55. Plaintiff's state law claims fail to state a cause of action since plaintiff has failed to comply with notice of claim requirements.

**FOR AN EIGHTH DEFENSE:**

56. Defendants had legitimate business reasons for taking any of the alleged discriminatory acts complained of by plaintiff.

**FOR A NINTH DEFENSE:**

57. The damage claims contained in the Amended Complaint are barred, in whole or in part, by the failure to mitigate damages.

**FOR A TENTH DEFENSE:**

58. The Amended Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**FOR AN ELEVENTH DEFENSE:**

59. Defendants exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the respondents or to otherwise avoid harm.

**FOR AN TWELFTH DEFENSE:**

60. To the extent plaintiff asserts claims which pre-date the release he executed in connection with his class member claims in Latino Officers Association et al., v. The City of New York et al., 99 CV 9568 (LAK)(KNF), those claims are barred by the doctrines of waiver and release.

**WHEREFORE**, defendants respectfully request that the Amended Complaint be dismissed in its entirety and the relief sought therein be denied in all respects, with costs and disbursements.

Dated:   New York, New York
         December 5, 2007

>           MICHAEL A. CARDOZO
>           Corporation Counsel of the
>             City of New York
>           Attorney for Defendants
>           100 Church Street, Room 2-300
>           New York, New York 10007
>           (212) 788-0924
>
>           By:      /s/
>                Andrez Carberry (AC 4267)
>                Assistant Corporation Counsel
>                acarberr@law.nyc.gov
>                212-788-0924

TO:   John Ware Upton, Esq.
      *Attorney for Plaintiff*
      70 Lafayette Street, 7th Floor
      New York, NY 10013
      (212)-233-9300

Docket No. 07-CV-4603 (PKC)(FM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| WALTER LIPSCOMB,<br><br>                                                                Plaintiff,<br><br>                         -against-<br><br>THE CITY OF NEW YORK, DEPUTY INSPECTOR THERESA SHORTELL, LIEUTENANT MICHAEL CASEY, AND SERGEANT VINCENT GRAVELLI,<br><br>                                                                Defendants. |
| **ANSWER TO THE AMENDED COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street, Room 2-300*<br>*New York, NY  10007*<br><br>*Of Counsel:  Andrez Carberry*<br>*Tel:  (212) 788-0924*<br>*Matter no.: 2007-018335* |
| *Due and timely service is hereby admitted*<br><br>*New York, N.Y.  ..........................................., 200 . . .*<br><br>*..............................................................Esq.*<br><br>*Attorney for..................................................* |