March 18, 2008

Hon. P. Kevin Castel
United State District Judge
U.S. District Court
Southern District of New York
500 Pearl St.
New York N.Y. 10007

Re:    Motion to Compel Discovery Responses, etc.
       <u>Walter Lipscomb v. City of New York, et al.</u>
       07 Civ. 4603 (PKC)(FM)

Dear Judge Castel:

J O H N   W A R E   U P T O N
A T T O R N E Y  A T   L A W
7 0  L A F A Y E T T E  S T R E E T
N E W   Y O R K ,  N Y   1 0 0 1 3
2 1 2 . 2 3 3 . 9 3 0 0  T E L
2 1 2 . 2 3 3 . 9 7 1 3  F A X

I represent the plaintiff in this case and write to request that the Court compel responses to the Plaintiff's Interrogatories and Requests for Documents cited below, or failing which, have corresponding defenses struck. Plaintiff also requests that the Court maintain the order of the depositions as they were noticed, and extend the discovery deadline to accommodate the production of discovery by defendants and subsequent depositions.

With the Court's indulgence, I present these applications in letter form.

## Motion to Compel

Plaintiff served his discovery requests on defendants on September 28, 2007. Defendants did not respond to same until February 25, 2008, and, as is set forth in detail in more fully below, responded with nearly no interrogatory responses and, relative to documents, with only certain documents from plaintiff's personnel file. Defendants produced no documents relating to any other officers, to the named defendants, to the lawsuit concerning which plaintiff claims he was retaliated, or even categories of documents about plaintiff. Defendants stated that certain documents "may be privileged" but provided no privilege log.

The parties subsequently met and conferred with respect to defendants' responses and made some minor progress, however, as is set forth below, defendants do not agree to produce a number of important categories of relevant information and documents.

The specific requests and justifications are attached as Exhibit A. The formal requests are attached as Exhibit B, and Defendants' Responses and Objections are Exhibit C.

For the reasons set forth in the justifications, plaintiff requests the Court Compel Production of the information and documents requested.

## Request to Maintain the Order of Depositions

In addition, plaintiff requests that the Court direct that the order of depositions be maintained. In October 2007, plaintiff noticed the individual defendants' depositions for dates in November. Since defendants did not respond to discovery until February 25th, those depositions were postponed to March. When defendants' response turned out only to be certain documents from plaintiff's personnel file and no documents relating to the relevant issues of overtime, arrest activity, absentee statistics, the performance of similarly situated officers, etc., said depositions had to be indefinitely postponed pending the Court's intervention.

Nonetheless, despite the fact that they had essentially refused to participate in discovery, on March 6th, defendants noticed the plaintiff's deposition for April 3rd. Aside from the fact that plaintiff cannot fairly testify until after the defendants have produced important documents (i.e. arrest activity and overtime) about his performance, defendants ought not be able to profit from their substantial refusal to engage in discovery, making it all but impossible to depose the defendants, by being able to change the order of depositions and take the plaintiff's deposition first. Only when defendants have complied with Rule 26 and produced the relevant discovery should they be permitted to take the plaintiff's deposition.

## Extention of the Discovery Deadline.

Plaintiff received defendants' discovery responses on February 25th, the parties met and conferred, and now plaintiff is required to request the Court to Compel Responses. For that reason, the parties cannot complete fact discovery by the current deadline of April 11, 2008. It is not known by what date the defendants will produce the discovery material they have represented they will produce or which the Court directs them to produce, but plaintiff proposes a new fact discovery deadline of May 30th, and an expert discovery deadline of June 27th.

2

Thank you for your attention to this matter

.

Respectfully,

John Ware Upton

cc: Andrez Carberry, Assistant Corporation Counsel  (212-788-0940)

**Lipscomb v. City of New York, et al.**
**07 Civ. 4603 (PKC)**

**Motion to Compel**
**Exhibit A   Requests and Justifications**

**Background**
Among other allegations, plaintiff alleges and intends to prove the following:

He was a 20-year veteran of the NYPD when, in 2006, he was removed from the special unit in which he was the senior officer.  His performance evaluations during the those years of police service (essentially the only documents provided by defendants) are overwhelmingly positive.

Walter Lipscomb joined the Community Policing Unit in the Sixth Precinct in 1987.  In the CPU, his primary duties were to be a known, familar and trusted representative of the NYPD in the community, which for the Sixth Precinct is generally the west village area of Manhattan. Plaintiff's evaluations indicate that he was a highly effective member of the unit and use language such as "excellent rapport with the community", "extremely proficient" and "integrity is unsurpassable" to describe his performance.

Nonetheless, racial issues existed in the NYPD and the Sixth Precinct such that a class action lawsuit, Latino Officers Association v. City of New York, was commenced in 1999 to complain that minority officers were treated less favorably than white officers, and in approximately 2003 Walter Lipscomb joined the lawsuit.  In 2005, the parties agreed on a settlement which involved investigating each of the claimant's allegations with the intention of settling said claims. Plaintiff submitted allegations and they were investigated.  Eventually, he received a settlement and his check arrived in February, 2006.

In February 2006, plaintiff's tour was changed, making it more difficult for him to work.  He attempted to work out the problems with his supervisors, but was mostly unsuccessful.  In March 2006, plaintiff was notified that he would no longer serve in the CPU, but go back to being a patrol officer.  The CPU was renamed the Conditions Unit.  One other officer was removed and four other officers from the CPU remained.  Much of the discovery which plaintiff seeks pertains to the removal from the CPU/Conditions unit.

On September 29, 2007, plaintiff served discovery requests on defendants.  Generally, plaintiff submitted interrogatories to identify persons with information about relevant events, and requests for documents relative to his allegations.

After substantial delay, on February 25, 2008, defendants finally responded.  Generally, defendants refused to identify or identified only the name defendants as persons with information in response to the interrogatories.

With respect to the document requests, defendants provided plaintiff only with his evaluations

1

and miscellaneous other documents from his personnel file. Among other things, defendants did not provide any documents from the Latino Officers lawsuit, overtime documents (plaintiff alleges discriminatory limitation of performing overtime), arrest/summons documents, comparison documents relative to the other officers from the CPU/Conditions Unit, or documents pertaining to the plaintiff's removal from the CPU/Conditions Unit.

In addition, although defendants frequently claimed that responsive documents "may" include privileged material, defendants did not provide a privilege log.

   **Interrogatory #1**–Request for persons familiar with the Latino Officers Association case at the NYPD. One of plaintiff's allegations is that he was removed from a special unit because of his involvement in the Latino Officers Association discrimination lawsuit against the police department. For this reason, plaintiff requested identification of the persons at the police department with information or knowledge about the Latino Officers Association case.

Plaintiff expects defendants to defend the allegation by claiming that no one was aware of the case. In response to the interrogatory, defendants did not identify any persons or offer a response to a more circumscribed group of persons.

   **Interrogatory #2**-Request for persons familiar with the Latino Officers Association case at the Sixth Precinct– this is a similar request to that made in interrogatory #1 except limited to plaintiff's precinct. Clearly, the degree to which persons were familiar with the Latino Officers Association case in plaintiffs workplace is relevant or could lead to relevant evidence in connection with his retaliation cause of action, particularly when defendants will likely defend by stating that the case was not known of at the Sixth Precinct.

Defendants did not respond to the interrogatory as worded or offer a response to a more circumscribed group of persons.

   **Interrogatory #3**-Request for persons at Sixth Precinct who communicated in connection with the LOA case. This interrogatory seeks the identification of persons involved in the Latino Officers Association case in the plaintiffs workplace. As stated above, on information and belief, the claims of class members, including plaintiff, were investigated, which for plaintiff could only have been at the Sixth Precinct. Clearly, the interrogatory calls for evidence which is relevant to the case and the defense or could lead to evidence which is relevant to the case.

Defendants did not respond to the interrogatory as worded or offer a response to a more circumscribed group of persons.

   **Interrogatory #4**-Request for the identification of persons who have made complaints about discrimination relative to the three name defendants. Plaintiff alleges a discriminatory environment at the Sixth Precinct and this interrogatory calls for information regarding the history of the named defendants with respect to discrimination complaints. Other complaints are relevant, among other reasons, with respect to the practices of the defendants, the discriminatory

environment, and the knowledge of management of the complaints.

Defendants partially responded to the interrogatory by stating that the defendants had received no complaints since the year 2004. However, this response does not set forth the history with respect to these defendants. The LOA lawsuit began in 1999 and plaintiff joined in 2003. In this case, plaintiff alleges discrimination prior to 2004. Plaintiff intends to prove that a practice or policy of the unfavorable treatment of minority employees during the relevant period of time of this case and that plaintiff was part of that. Therefore, the history of complaints from 2000 is clearly relevant. Defendants have not claimed burdensomeness.

**Interrogatory #8**-Request for names of persons with information concerning the determination to place PO McDougal in a special squad.

At approximately the same time that plaintiff was removed from the CPU/Conditions Unit, Officer Michael McDougal, an officer on the Chronic B Absence list like plaintiff, was placed in a special unit (Special Narcotics Enforcement Unit) by defendants. Such placement is clearly relevant since defendants allege that plaintiff's presence on the Chronic B Absence list was the basis for plaintiff's removal from the CPU/Conditions unit, yet promoted Officer McDougal to a special unit. Thus, the identification of the persons familiar with the basis for that promotion is relevant.

**Interrogatory #9**-Request for types of documents that contain overtime information. Plaintiff claims he was discriminatorily limited in the amount of overtime he was assigned, thus the types of documents which contain overtime data is relevant. The City responded that it is searching for overtime-related documents for persons managed by plaintiff's supervisor.

**Interrogatory #10**-Persons who investigated or were aware of claims of plaintiff relative to the LOA. Plaintiff alleges that he was retaliated against because of his participation in the Latino Officers Association lawsuit. In the attempt to settle the LOA lawsuit, each plaintiff officer's claims were investigated by the NYPD, thus plaintiff's claims were investigated, presumably by personnel at the Sixth Precinct. Moreover, defendants will likely claim lack of knowledge generally at the Sixth precinct and by the individual defendants in particular. Thus the identification of persons familiar with the claim is highly relevant.

**Interrogatory #11**-Persons in the CPU unit from 2000 to present.

The employees similarly situated to plaintiff were members of the CPU. In discrimination cases, the comparison of performance and treatment of the plaintiff and similarly situated employees is the primary proof. See, for example, Hollander v. American Cyanamid Co., 895 F.2d 80 (2nd Cir. 1990), and Flynn v. Goldman, Sach, 1991 WL 238186 (S.D.N.Y. 1991). Plaintiff claims that his performance and qualifications were superior to those who remained in the unit, while defendants claim that plaintiff's attendance and "activity" were inferior to those that remained in the unit.

3

The City agrees to provide names from 2004 to 2006 but the relevant period of time of plaintiff's and the similarly situated workers is not limited to 2004 to 2006. Plaintiff alleges claims a discriminatory environment and joined the LOA lawsuit in 2003. Plaintiff is entitled to discover whether or not the sixth precinct has a history of considering said qualifications (attendence and activity) in the manner in which they considered it relative to plaintiff. Plaintiff expects to show that, in fact, it has not been the policy of the sixth precinct to consider attendance and arrest/summons activity as being of prime importance. Thus, requests the names of persons in the CPU going back to 2000, and, below, requests pertinent documents.

**Interrogatory #12**-Persons in the CPU from 2000 to the present involuntarily removed. Plaintiff was involuntarily removed from the CPU. Plaintiff intends to prove that no other officer was removed from the unit on the grounds upon which he was a remote and therefore requests the identities of any other officers who were involuntarily removed from the unit.

**Document Request #1**-The personnel files of the named defendants. Plaintiff requests the files of the named defendants for the purposes of discovering their backgrounds and other inappropriate acts. Moreover, plaintiff will depose said defendants concerning their police positions, training, responsibilities, experience, awards, disciplines, etc. The documentation relative those issues should be produced before the deposition, not afterwards. See, for example, Smith v. Goord, 222 F.R.D. 238 (N.D.N.Y. 2004).

**Document Request #2**-All plaintiff's files with the NYPD. Defendants have produced plaintiff's evaluations and other file materials. However plaintiffs have not produced any materials related to plaintiff's overtime or arrests/summons activity. Defendants have agreed to produce said material.

**Document Request #3**-Documents relating to reprimands, discipline, other inappropriate conduct by CPU members. As set forth above, plaintiffs in discrimination cases are routinely permitted to discover the files another evidence related to "similarly situated" employees. (See cases cite relative to Interrogatory #11, above.) In this case, the similarly situated employees are the members of the CPU unit from which plaintiff was dropped. Clearly, reprimands, discipline, and other inappropriate conduct are pertinent issues in the comparison amongst plaintiff and the similarly situated employees.

**Document Request #4**-Documents relating to the assignment of PO McDougal to the SNEU.

As stated above, defendants intend to defend the allegations by claiming that since plaintiff was on the chronic absence list he could not be continued in his special unit. However, plaintiff alleges that police officer Michael McDougal, a white officer who was on the chronic absence list, was promoted to a special unit. Therefore, plaintiff requests the documents relating to the assignment to a police officer McDougal to the special unit.

**Document Request #5**-LOA documents transmitted to the Sixth Precinct.

4

Plaintiff alleges that he was retaliated against for his involvement in the LOA lawsuit. The individual defendants will allege that they were not aware of the LOA lawsuit. Therefore, the knowledge of the lawsuit and the lawsuit's attendant documents are highly relevant to both the plaintiff's case and the defendant's defense.

Defendants have suggested that any documents would be privileged, however they have not provided a privilege log of any kind.

**Document Request #6**-Personnel files of the CPU officers 2000 to 2006.

As stated above, plaintiff claims that he was treated unfavorably in comparison to other officers considered for inclusion to the CPU/Conditions Unit. Evidence related to the comparison including that contained in the personnel files is the most highly relevant evidence in a discrimination case.

**Document Request #9**-Absence list for Sixth Pct. officers 2000 - 2006.

Defendants claim that plaintiff's inclusion on the "chronic absence" list was part of the justification for his exclusion from the CPU/Conditions Unit. Therefore, whether or not it is the policy of the and the individual defendants to exclude police officers from special units to do their presence on the absence list is an issue in the case. The production of the absence list will permit the plaintiff to discover evidence relevant to this defense of defendants'.

**Document Request #10**-Officers assigned to the Sixth Pct from 2000 to 2006. City has agreed to provide certain periodic reports listing said officers.

**Document Request #11**-Documents created or received by Sixth Pct. employees related to the LOA.

As stated above, plaintiff alleges that he was retaliated against for being a plaintiff in the LOA lawsuit. Plaintiff made claims which were investigated at his precinct. The individual defendants will likely allege that they were not aware of the LOA lawsuit. Thus, proper responses to plaintiff's interrogatories and document requests will show who was aware of the LOA lawsuit at the NYPD and the Sixth Precinct, and who investigated plaintiff's claim, and was otherwise familiar with plaintiff's involvement in the case. Therefore, the knowledge of the lawsuit and the lawsuit's attendant documents are highly relevant to both the plaintiff's case and the defendant's defense.

Defendants have claimed that such documents might be privileged, but they have not provided a privilege log of any kind.

**Document Request #12**-Documents about plaintiff created by named defendants.

Plaintiff alleges that the named defendants treated him differently due to his race. Plaintiff seeks

5

all documents which the name defendants have created about him as they are evidence of how said defendants treated plaintiff.

Defendants claim such documents may be privileged but have not provided a privilege log.

 **Document Request #13**-Performance evaluations of McDougal, Det. Gillespie and PO Fontana.

Det. Fontana and Det. Gillespie were among the officers that remained on the CPU/Conditions Unit when plaintiff was removed. Their personnel files and those of other similarly situated officers were addressed in Document Request #6, above. They and the two other officers who remained in the CPU/Conditions Unit at the time plaintiff was removed from the unit, are the direct comparators relative to plaintiff. The performance evaluations should be included in the personnel files requested in #6, above.

At approximately the same time that plaintiff was removed from the CPU/Conditions Unit, Officer Michael McDougal, an officer on the Chronic B Absence list like plaintiff, was placed in a special unit (Special Narcotics Enforcement Unit) by defendants. Such placement is clearly relevant since defendants allege that plaintiff's presence on the Chronic B Absence list was the basis for plaintiff's removal from the CPU/Conditions unit, therefore, Officer McDougal's performance is an issue in the case and his evaluation

 **Document Request #16**-Documents relative to summons and arrest activity by CPU officers 2003 to present.

Defendants base their defense, in part, on plaintiff's alleged sub-par "activity", meaning his summons and arrest statistics. Thus, summons and arrest documents are of prime relevance.

Defendants, five months following plaintiff's October 1, 2007 request for documents, claim to be "searching" for responsive documents for the period 2004 - 2006. However, plaintiff requests a broader period from 2000 - 2008 to show the context for the three year period and to show whether defendants defense is tailored only to this personnel decision. Defendants have not claimed burdensomeness.

 **Document Request #17**-Documents related to overtime worked.

Plaintiff claims that he was discriminatorily limited in his assignment to overtime and requests the overtime statistics of the members of the CPU/Conditions unit. Clearly, comparative overtime documents amongst the members of the unit are relevant.

As in Document Request #16, the defendants state that they are searching for responsive documents but for a more limited period of time. Defendants do not claim burdensomeness. Plaintiff requests the documents from 2003 to the present to show the plaintiff's and other members' overtime in over a statistically significant period of time, not just 3 years.

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

WALTER LIPSCOMB,

            Plaintiff,

      -against-
                                          07 Civ. 4603 (PKC)
THE CITY OF NEW YORK, DEPUTY
INSPECTOR THERESA SHORTELL,
LIEUTENANT MICHAEL CASEY, AND             ECF CASE
SERGEANT VINCENT GRAVELLI,

            Defendants.

------------------------------------X
```

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules Of Civil Procedure and the Local Rules of this Court, the Plaintiff, by his counsel, John Ware Upton, requests that the Defendant parties, individually and collectively including the Defendant municipal/governmental entity by and through its designated agent(s), answer separately and fully in writing under oath within 30 days of service, the following Interrogatories and Requests for the Production of Documents.

### DEFINITIONS AND INSTRUCTIONS

1. The uniform definitions and rules of construction for discovery, including but not limited to, the definition for the word "document", requests set forth in the appropriate Rule of the Local Rules of this Court are incorporated by reference in these interrogatories and requests for production.

1



2.    It is not necessary to identify a document in response to those interrogatories if the actual document is produced so long as the document produced is identified in the context of a specific in particular request for production.

3.    Defendants are to produce all responsive documents, wherever located, including drafts and non-identical copies, within their possession, custody, or control of their agents.

4.  Each paragraph herein shall be construed independently and not by reference to any other paragraph for the purposes of limitation.

5.  With respect to any responsive document which was formally in the possession, custody or control of any of that the Defendants and has been lost or destroyed, state:

a.    The type of document;

b.  The subject matter and contents thereof;

c.    The author of the document;

d.    Each person to whom the original and copies were sent;

e.    The date on which the document was prepared and/or transmitted;

f.    To date on which the document was lost or destroyed, the reasons for such destruction and identify the persons requesting and performing to the structure.

2

## INTERROGATORIES

1.    Identify all employees at the New York City Police Department, "NYPD", who were involved in the defense, investigation, settlement, or Special Master proceedings in connection with the lawsuit, <u>Latino Officers Association et al. v. City of New York et al.</u>, 99 Civ. 9568 (LAK)(KNF), "LOA".

2.    Identify all persons who communicated with NYPD employees at the NYPD Sixth Precinct in connection with LOA.

3.    Identify all persons at the NYPD Sixth Precinct who communicated with any other person in connection with LOA.

4.    Identify all persons who have made discrimination complaints in connection with the individual defendants Shortell, Casey, and Gravelli.

5. Identify all persons with knowledge concerning plaintiff's performance at the NYPD.

6. Identify all persons who participated in the decision to remove plaintiff from the Community Policing Unit, "CPU".

7.    Identify all persons who were familiar with each officers summons and arrest activity at the NYPD Sixth Precinct as of February/March, 2006.

8.    Identify all persons who are familiar with the determination place police officer McDougal and the Special Narcotics Enforcement Unit in or about March, 2006.

3

9. Identify all categories of documents maintained by the NYPD Sixth Precinct which refer to overtime and amount of overtime earned by police officers, as said documents existed and the years 2005 at 2006.

10. Identify all persons at the NYPD who investigated or were aware of the claims made by plaintiff in connection with LOA.

11. Identify all persons who have served in the CPU/Conditions special unit during the years 2000 to present.

12. Identify all persons who have served in the CPU/conditions special unit during the years 2000 to present who have been involuntarily removed from the unit.

4

## REQUESTS FOR PRODUCTION

1.  Produced the personnel records for the Defendant Officers and produce all CCRB documents, all Internal Affairs Unit documents, and any other documents related to the employment of the Defendant Officers and maintained by the City of New York or agencies of and/or within the structure of the City of New York government including the Civilian Complaint Review Board; such records should include but not be limited to, any CCRB documents (index) which identify "persistent" complaint individuals if any of the Defendants are in said index/on said list; and CCRB printout which identifies the number of complaints filed against any of the Defendants and the outcomes of the complaints (with any code translation document if coats are utilized in this regard and respect); the New York City Police Department Central Personnel Index; and any other personnel or personnel-related document irrespective of whether it is maintained in the personnel office or the personnel file including pre-employment documents, disciplines, charges and specifications and outcomes of any referrals for discipline, accommodations, evaluations, and other notations in the records of any of me Defendant Officers.

2. Produce all of plaintiffs personnel or other files within the NYPD.

3.  Produce all documents relating to reprimands, discipline, or other statements of inappropriate conduct by Annie members of

5

the CPU/conditions special unit during the years 2000 to present.

4. Produce all documents relative to the assignments of police Officer Michael McDougal to the Special Narcotics Enforcement Unit in 2006.

5. Produce all documents relating in any way to LOA which were transmitted to the NYPD Sixth Precinct.

6. Produce the personnel files of all members of the CPU/conditions special unit during the years 2000 through 2006.

7. Produce all NYPD guides, regulations or rules relating to numbers of or minimum numbers of summons or arrests to be made by employees at the NYPD.

8. Produce all performance evaluations of plaintiff while employed by the NYPD.

9. Provide the absence list, including but not limited to the Chronic A and Chronic B absents lists, at the Sixth Precinct for the years 2000 through 2006.

10. Provide documentation sufficient to indicate all officers assigned to the sixth precinct for each year during the period 2000 through 2006.

11. Produce all documents created a received by a person at the Sixth Precinct which in any way related to LOA.

12. Produce all documents, created or received by defendants Shortell, Casey, and Gravelli, which in any way related to the plaintiff.

6

13.    Produce all performance evaluations of Sixth Precinct employees Michael McDougal, Detective Gillespie and Police Officer Fontana.

14.    Produce the Equal Employment Opportunity file concerning the plaintiff's discrimination/retaliation complaint lodged at the NYPD.

15.    Produce the documents provided to the Equal Employment Opportunity Commission in connection with plaintiff's discrimination/retaliation complaint filed at the EEOC.

16.    Produce all documents relative to the number of summons issued an arrest made by members of the CPU/conditions special unit at the Sixth Precinct who for the years 2003 to the present.

17.    Provide all documents relating to overtime worked or earned by members of the CPU/conditions special unit at the Sixth Precinct during the years 2003 to the present.

18.    Produce all documents relating to plaintiff's removal from the CPU/conditions special unit at the Sixth Precinct in March, 2006.

The Plaintiffs, through their counsel, reserve their right to a manned and to supplement these Discovery Requests and to utilize what other other discovery mechanisms are available to them pursuant to and under the Federal Rules Of Civil Procedure.

Dated: New York, New York
       September 28, 2007


                                        _____
                                        John Ware Upton, Esq. (JU 9065)
                                        70 Lafayette St. Seventh Floor
                                        New York, New York  10013
                                        (212) 233-9300



TO:
Andrez Carberry, Esq.
Corporation Counsel for the
 City of New York
100 Church St.  Rm 2-300
New York, N.Y.  10007

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

WALTER LIPSCOMB,

                                      Plaintiff,

                -against-

THE CITY OF NEW YORK, DEPUTY INSPECTOR
THERESA SHORTELL, LIEUTENANT MICHAEL
CASEY, AND SERGEANT VINCENT GRAVELLI,

                                 Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
OBJECTIONS AND
RESPONSES TO
PLAINTIFF'S FIRST
INTERROGATORIES
AND REQUEST FOR
THE PRODUCTION
OF DOCUMENTS**

07-CV-4603 (PKC) (FM)

        Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Southern District of New York, defendants the City of New York, Deputy Inspector Theresa Shortell, Lieutenant Michael Casey and Sergeant Vincent Gravelli ("Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respond and object to plaintiff's First Interrogatories and Request for the Production of Documents as follows:

## GENERAL STATEMENTS AND OBJECTIONS

        1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.      Defendants object to these Interrogatories and Requests for production of documents to the extent that they demand documents and/or information which are protected by



EXHIBIT C

the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.    Defendants object in the entirety to these interrogatories and requests for production of documents to the extent that they seek the home addresses of, or personnel information of, individuals identified by the defendants in response to these interrogatories or requests for production of documents.

5.    Defendants object in the entirety to any interrogatory or request for production of documents which is not limited in time.

6.    The fact that defendants object to any particular interrogatory or document should not be construed to mean that information or documents responsive to such interrogatory or document request exist. Similarly, the statement that defendant will undertake to search for information or documents in response to a particular interrogatory or document request should not be construed to mean that documents or information of a type in a category described in the interrogatory or document request in fact exist. Furthermore, the production of any documents or information that are otherwise subject to an objection is not a waiver of any objection as to any other information or document not produced.

7.    Defendants object to plaintiff's Definitions and Instructions in his first interrogatories and request for production of documents to the extent that they differ from or seek information or documents that exceeds what is required to be produced by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, and/or are unduly burdensome, duplicative, overly broad, incapable of reasonable response, or seek information or documents that are neither relevant to plaintiff's claims nor reasonably calculated to lead to the discovery of admissible evidence.

8.    These general statements and objections apply to all of plaintiff's interrogatories and requests for production of documents, in addition to defendant's specific responses and objections, and are incorporated by reference into each and every response set forth below.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all employees at the New York City Police Department, "NYPD", who were involved in the defense, investigation, settlement, or Special Master proceedings in connection with the lawsuit, <u>Latino Officers Association et al. v. City of New York et al.,</u> 99 Civ. 9568 (LAK)(KNF), "LOA".

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is vague, unduly burdensome, ambiguous, overly broad in scope, incapable of a reasonable response, that it seeks information that is beyond the scope permitted by local civil rule 33.3 of this Court, that it seeks information that may be protected by the attorney/client and/or attorney work product privileges, the privilege protecting material prepared in anticipation of litigation, may seek disclosure of the mental impressions, conclusions, opinions, or legal theories of defendants and that it seeks information that is not relevant to plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence.

### INTERROGATORY NO. 2:

Identify all persons who communicated with NYPD employees at the NYPD Sixth Precinct in connection with LOA.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

See defendants' objections to interrogatory no. 1.

### INTERROGATORY NO. 3:

Identify all persons at the NYPD Sixth Precinct who communicated with any other person in connection with LOA.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

  See defendants' objections to interrogatory no. 1.

**INTERROGATORY NO. 4:**

  Identify all persons who have made discrimination complaints in connection with the individual defendants Shortell, Casey, and Gravelli.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

  Defendants object to Interrogatory No. 4 on the grounds that it is vague, ambiguous, overbroad as to time and scope, seeks information that is beyond the scope permitted by local civil rule 33.3 of this Court, seeks information that may not be relevant to plaintiff's claims and seeks evidence that if disclosed, would constitute an unwarranted invasion of the personal privacy of individuals not a party to this matter. Consistent with and without waiving the foregoing general and specific objections, and interpreting this interrogatory to seek the names of any individuals who filed claims of race discrimination or retaliation against the individually named defendants with the NYPD's Office of Equal Opportunity during the period 2004 to the present, defendants state that they are not aware of any such discrimination claims made against the named defendants.

**INTERROGATORY NO. 5:**

  Identify all persons with knowledge concerning plaintiff's performance at the NYPD.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

  Defendants object to Interrogatory No. 5 on the grounds that it is vague, ambiguous, overbroad as to scope and time, seeks information that is beyond the scope permitted by local civil rule 33.3 of this Court, and seeks information that may not be relevant to plaintiff's claims or reasonable calculated to lead to the discovery of admissible evidence. Consistent with

and without waiving the foregoing general and specific objections, pursuant to FRCP 33(d), defendants refer plaintiff to the documents produced herewith bearing Bates Stamp numbers WL 0140 to WL 0231 as having information that may be responsive to this request.

**INTERROGATORY NO. 6:**

Identify all persons who participated in the decision to remove plaintiff from the Community Policing Unit, "CPU".

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is vague, ambiguous, and assumes facts not admitted. Consistent with, and without waiving the foregoing general and specific objections, defendants state that Deputy Inspector Theresa Shortell and Lieutenant Michael Casey may have information that may be responsive to this request.

**INTERROGATORY NO. 7:**

Identify all persons who were familiar with each officers summons and arrest activity at the NYPD Sixth Precinct as of February/March, 2006.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is vague, ambiguous, and overbroad as to time and scope. Consistent with, and without waiving the foregoing general and specific objections, and construing this request as seeking the identification of NYPD 6th Pct. Supervisors who have general knowledge of the summons and arrest activity of officers assigned to the 6th Pct. In February and March 2006, defendants identify Deputy Inspector Theresa Shortell and Lieutenant Michael Casey as having information that may be responsive to this request.

**INTERROGATORY NO. 8:**

Identify all persons who are familiar with the determination place police officer McDougal and the Special Narcotics Enforcement Unit in or about March, 2006.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is vague and ambiguous in its reference to "persons who are familiar with the determination," overbroad, not relevant to plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 9:**

Identify all categories of documents maintained by the NYPD Sixth Precinct which refer to overtime and amount of overtime earned by police officers, as said documents existed and the years 2005 at 2006.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that it is vague in its reference to "as said documents existed," overly broad in scope and that it seeks the identification of documents that may not be relevant to plaintiff's claims and may not be reasonably calculated to lead to the discovery of admissible evidence. Consistent with and without waiving the foregoing general and specific objections, and interpreting this request to seek the identification of documents which would reflect the amount of overtime accrued by police officers assigned to the same supervisor as plaintiff at the Sixth Precinct of the NYPD for the 2005 and 2006 calendar year, defendants state that they are in the process of securing information that may be responsive to this request.

**INTERROGATORY NO. 10:**

Identify all persons at the NYPD who investigated or were aware of the claims made by plaintiff in connection with LOA.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

See defendants' objections and responses to Interrogatory No. 1.

**INTERROGATORY NO. 11:**

Identify all persons who have served in the CPU/Conditions special unit during the years 2000 to present.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is ambiguous, overly broad in scope and time, seeks information that is beyond the scope permitted by local civil rule 33.3 of this Court, and that it seeks information that may not be relevant to plaintiff's claims and may not be reasonably calculated to lead to the discovery of admissible evidence. Consistent with and without waiving the foregoing general and specific objections, and interpreting this request to seek the identification of all police officers assigned to the CPU/Conditions Unit of the Sixth Precinct of the NYPD, from the during the 2004 to 2006 calendar years, defendants state that they are in the process of securing information that may be responsive to this request.

**INTERROGATORY NO. 12:**

Identify all persons who have served in the CPU/conditions special unit during the years 2000 to present who have been involuntarily removed from the unit.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that it assumes facts not admitted, is vague in its reference to "involuntarily removed from the unit," seeks information

that is beyond the scope permitted by local civil rule 33.3 of this Court, seeks information that, if disclosed, would constitute an unwarranted invasion of personal privacy and that it seeks information that may not be relevant to plaintiff's claims and may not be reasonably calculated to lead to the discovery of admissible evidence. Consistent with and without waiving the foregoing general and specific objections, and interpreting this request to seek the identification of officers who did not request a formal transfer but were reassigned by the NYPD from the CPU/Conditions Unit at the Sixth Precinct of the NYPD for the 2004 to 2006 calendar years, defendants state that they are in the process of securing information that may be responsive to this request.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produced the personnel records for the Defendant Officers and produce all CCRB documents, all Internal Affairs Unit documents, and any other documents related to the employment of the Defendant Officers and maintained by the City of New York or agencies of and/or within the structure of the City of New York government including the Civilian Complaint Review Board; such records should include but not be limited to, any CCRB documents (index) which identify "persistent" complaint individuals if any of the Defendants are in said index/on said list; and CCRB printout which identifies the number of complaints filed against any of the Defendants and the outcomes of the complaints (with any code translation document if coats are utilized in this regard and respect); the New York City Police Department Central Personnel Index; and any other personnel or personnel-related document irrespective of whether it is maintained in the personnel office or the personnel file including pre-employment documents, disciplines, charges and specifications and outcomes of any referrals for discipline, accommodations, evaluations, and other notations in the records of any of me Defendant Officers.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to this request on the grounds that it is vague, ambiguous, overly broad in time and scope, not relevant to plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence and that it seeks the production of documents which, if disclosed, would constitute an unwarranted invasion of personal privacy. Consistent with and without waiving the foregoing general and specific objections, and construing this

request to seek the NYPD's employment history of the individually named defendants, plaintiff is referred to defendant's response to interrogatory no. 4 above.

**DOCUMENT REQUEST NO. 2:**

Produce all of plaintiffs personnel or other files within the NYPD.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to this request on the grounds that it is vague in its reference to "personnel or other files within the NYPD," and seeks documents that may be protected by the attorney/client and/or attorney work product privileges, and/or the privilege protecting material prepared in anticipation of litigation. Consistent with and without waiving the foregoing general and specific objections and interpreting this request to seek files maintained by defendants that reflect plaintiff's employment history and performance while employed with the NYPD, defendants refer plaintiff to the documents previously produced with their Rule 26(a)(1) disclosures and to the documents submitted herewith bearing Bates Stamp numbers, WL 140 through WL 0231; WL 0233 to WL 0277; WL 0279 to WL 0365; WL 0367 to WL 0368 as containing information that may be responsive to this request.

**DOCUMENT REQUEST NO. 3:**

Produce all documents relating to reprimands, discipline, or other statements of inappropriate conduct by Annie members of the CPU/conditions special unit during the years 2000 to present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad in time and scope, incapable of a reasonable response, seeks documents that, if disclosed, would constitute an unwarranted invasion of personal privacy and that it seeks

documents not relevant to plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO. 4:

Produce all documents relative to the assignments of police Officer Michael McDougal to the Special Narcotics Enforcement Unit in 2006.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:

Defendants object to this request on the grounds that it is vague and ambiguous in its reference to "documents relative to," overbroad, not relevant to plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence.

## DOCUMENT REQUEST NO. 5:

Produce all documents relating in any way to LOA which were transmitted to the NYPD Sixth Precinct.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:

Defendants object to this request on the grounds that it is vague, assumes facts not admitted, is unduly burdensome, ambiguous, overly broad in scope, incapable of a reasonable response, that it seeks information that may be protected by the attorney/client and/or attorney work product privileges, the privilege protecting material prepared in anticipation of litigation, may seek disclosure of the mental impressions, conclusions, opinions, or legal theories of defendants and seeks documents that may not be relevant to plaintiff's claims and that may not be reasonably calculated to lead to the discovery of admissible evidence..

## DOCUMENT REQUEST NO. 6:

Produce the personnel files of all members of the CPU/conditions special unit during the years 2000 through 2006.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to this request on the grounds that it is vague, ambiguous, overly broad in time and scope, not relevant to plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence and that it seeks the production of documents which, if disclosed, would constitute an unwarranted invasion of the personal privacy of individuals not a party to this matter.

**DOCUMENT REQUEST NO. 7:**

Produce all NYPD guides, regulations or rules relating to numbers of or minimum numbers of summons or arrests to be made by employees at the NYPD.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this request on the grounds that it is vague, overly broad, seeks documents not relevant to plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence and assumes facts not admitted. Consistent with and without waiving the foregoing general and specific objections, and construing this request to seek the production of any NYPD Guide, regulations or rules reflecting the minimum number of summonses or arrests that each police officer is required to make, defendants state that they are unaware of any document which would be responsive to this request.

**DOCUMENT REQUEST NO. 8:**

Produce all performance evaluations of plaintiff while employed by the NYPD.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to this document request on the grounds that it is vague, overly broad in scope and seeks documents that may not be relevant to plaintiff's claims and that may not be reasonably calculated to lead to the discovery of admissible evidence. Consistent with and without waiving the foregoing general and specific objections, defendants refer plaintiff to

the documents submitted herewith bearing Bates Stamp numbers WL 0140 to WL 0231 as containing documents which may be responsive to this request.

**DOCUMENT REQUEST NO. 9:**

Provide the absence list, including but not limited to the Chronic A and Chronic B absents lists, at the Sixth Precinct for the years 2000 through 2006.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant objects to this request on the grounds that it is vague, ambiguous, unduly burdensome, overly broad in time and scope, seeks documents that, if disclosed, would constitute an unwarranted invasion of personal privacy and that it seeks documents not relevant to plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence. Consistent with and without waiving the foregoing general and specific objections, and interpreting this request to seek the absence lists of the individuals assigned to the CPU unit in the 2004 to 2006 calendar years, defendants identify state that they are in the process of securing documents that may be responsive to a reasonable interpretation of this request and will produce said documents shall be produced to plaintiff upon the execution and entry of an appropriate order of confidentiality.

**DOCUMENT REQUEST NO. 10:**

Provide documentation sufficient to indicate all officers assigned to the sixth precinct for each year during the period 2000 through 2006.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant objects to this request on the grounds that it is vague, ambiguous, unduly burdensome, overly broad in time and scope and seeks documents not relevant to plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence.

- 14 -

**DOCUMENT REQUEST NO. 11:**

Produce all documents created a received by a person at the Sixth Precinct which in any way related to LOA.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

See defendant's Objection And Response To Document Request No. 5.

**DOCUMENT REQUEST NO. 12:**

Produce all documents, created or received by defendants Shortell, Casey, and Gravelli, which in any way related to the plaintiff.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to this document request on the grounds that it is vague and ambiguous, overly broad in time and scope, that it seeks documents that may be protected by the attorney/client and/or attorney work product privileges, the privilege protecting material prepared in anticipation of litigation, seeks documents that may not be relevant to plaintiff's claims and may not be reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 13:**

Produce all performance evaluations of Sixth Precinct employees Michael McDougal, Detective Gillespie and Police Officer Fontana.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to this request on the grounds that it is vague and ambiguous, seeks documents not relevant to plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence and that it seeks the production of documents which, if disclosed, would constitute an unwarranted invasion of the personal privacy of individuals not a party to this matter.

- 15 -

**DOCUMENT REQUEST NO. 14:**

Produce the Equal Employment Opportunity file concerning the plaintiff's discrimination/retaliation complaint lodged at the NYPD.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to this request on the grounds that it is vague and ambiguous. Consistent with and without waiving the foregoing general and specific objections, and construing this request to seek a copy of the EEOC's investigative file in response to plaintiff's EEOC Charge No. 502-2006-03498, defendants refer plaintiff to the documents herewith bearing Bates Stamp numbers WL 0371 through WL 0430 as responsive to this request.

**DOCUMENT REQUEST NO. 15:**

Produce the documents provided to the Equal Employment Opportunity Commission in connection with plaintiff's discrimination/retaliation complaint filed at the EEOC.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

See response to document request no. 14.

**DOCUMENT REQUEST NO. 16:**

Produce all documents relative to the number of summons issued an arrest made by members of the CPU/conditions special unit at the Sixth Precinct who for the years 2003 to the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to this document request on the grounds that it is vague and ambiguous in its reference to "documents relative to the number of summons issued and arrests made," overbroad as to time and scope, assumes facts not admitted and seeks documents not relevant to plaintiff's claims and not reasonably calculated to lead to the discovery of admissible

evidence. Consistent with and without waiving the foregoing general and specific objections, and construing this request to seek documents reflecting the number of summonses issued and arrests made by members of the CPU/conditions special unit at the Sixth Precinct for the calendar years 2004 to 2006, defendants state that they are in the process of searching for documents which may be responsive to this request and will produce such records when attained.

**DOCUMENT REQUEST NO. 17:**

Provide all documents relating to overtime worked or earned by members of the CPU/conditions special unit at the Sixth Precinct during the years 2003 to the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to this request on the grounds that it is vague in its reference to "all documents relating to," overly broad in scope and that it seeks the production of documents that may not be relevant to plaintiff's claims and may not be reasonably calculated to lead to the discovery of admissible evidence. Consistent with and without waiving the foregoing general and specific objections, and interpreting this request to seek documents reflecting the amount of overtime worked by police officers assigned to the CPU/Conditions Unit at Sixth Precinct of the NYPD for the 2004 to 2006 calendar years, defendants state that they are in the process of securing information that may be responsive to this request.

**DOCUMENT REQUEST NO. 18:**

Produce all documents relating to plaintiff's removal from the CPU/conditions special unit at the Sixth Precinct in March, 2006.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants object to this document request on the grounds that it assumes facts not admitted, is vague as to "all documents relating to plaintiff's removal." Consistent with and without waiving the foregoing general and specific objections, and construing this request to

- 17 -

seek documents reflecting plaintiff's reassignment from the CPU/Conditions Unit at the Sixth precinct of the NYPD in March 2006, defendants state that they are unaware of any documents which may be responsive to this request.

Dated:      New York, New York
             February 22, 2008

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                             City of New York
                            Attorney for Defendants
                            100 Church Street, Room 2-300
                            New York, New York 10007
                            (212) 788-0924
                            acarberr@law.nyc.gov

By:                            _____
                            Andrez Carberry (AC4267)
                            Assistant Corporation Counsel

To:      John Ware Upton, Esq.
          Attorney for Plaintiff
          70 Lafayette Street, Seventh Floor
          New York, New York 10013
          (212) 233-9300

- 18 -

# **VERIFICATION**

STATE OF NEW YORK    )
                         : s.s.:
COUNTY OF NEW YORK  )

           Stephanie L. Zimberg, being duly sworn, deposes and says that she is a

Managing Attorney in the Legal Bureau of the New York City Police Department; that

the reason why this VERIFICATION is not made by the defendant is that your deponent

has been duly designated by the Police Commissioner of the New York City Police

Department, pursuant to Section 1101, subdivision (a) of the New York City Charter, to

act on said Commissioner's behalf for the purpose of verifying the pleadings herein; that

she has read the foregoing **Defendants' Responses and Objections to Plaintiff's First**

**Interrogatories Nos. 1-12** and knows the contents thereof to be true except as to matters

therein alleged upon information and belief and as to those matters, she believes them to

be true, that the source of this information and the basis for her belief are the books and

records of the New York City Police Department and other departments of the city

government and/or from statements made to her by certain officers or agents of The City

of New York.

                                               _____
                                               Stephanie L. Zimberg

Sworn to before me on 25th day
of February, 2008

_____
     Notary Public

                                  EILEEN G. FLAHERTY
                           Notary Public, State of New York
                               No. 02FL6075185
                           Qualified in Kings County
                    Commission Expires June 03, 20

*(Case)* Walter Lipscomb
Index No. 07 CV 4603
(Court) USDC Southern District

Docket No. 07-CV-4603 (PKC) (FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER LIPSCOMB,

Plaintiff,

-against-

THE CITY OF NEW YORK, DEPUTY
INSPECTOR THERESA SHORTELL,
LIEUTENANT MICHAEL CASEY, AND
SERGEANT VINCENT GRAVELLI,

Defendants.

**DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST INTERROGATORIES
AND REQUEST FOR THE PRODUCTION OF
DOCUMENTS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Andrez Carberry*
*Tel: (212) 788-0924*
*Matter No. 2007-018335*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ........................................... *, 200 . . .*

.............................................................. *Esq.*

*Attorney for* ................. ...........................................