

# MEMO ENDORSED



**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

ANDREZ CARBERRY
Assistant Corporation Counsel
Labor and Employment Law Division
Phone: (212) 788-0924
Fax: (212) 788-0940
E-mail: acarberr@law.nyc.gov

May 23, 2008

**VIA FACSIMILE**
Honorable Frank Maas
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312

*We will discuss this application during the June 3rd telephone conference required by my memo endorsement on Mr. Lipscomb's May 21, 2008 letter.*

*Maas, USMJ, 5/27/08*

Re: Lipscomb v. City of New York, et al.
    Docket No. 07-CV-4603 (PKC) (FM)

Dear Magistrate Maas:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent defendants, the City of New York, Deputy Inspector Theresa Shortell, Sergeant Vincent Gravelli and Lieutenant Michael Casey (collectively "Defendants") in the above-referenced matter.

    I write in response to plaintiff's counsel's May 20, 2008 letter application to the Court seeking an order compelling defendants to produce pursuant to Federal Rule of Civil Procedure (30)(b)(6) one or more persons employed by the New York City Police Department ("NYPD") to testify about the following topics:[1]

> 1. The manner in which the Central Police Index report of plaintiff Walter Lipscomb, which was served on plaintiff (a copy thereof is attached) on or about October 1, 2007, was created;

---

[1] For efficiency, the Notice of Deposition is not attached hereto because it was previously submitted by plaintiff's counsel with his May 20, 2008 letter to the Court.

       2. The manner and method in which the Central
       Police Index is maintained in the ordinary course of
       business at the NYPD.

<u>See</u> Notice of deposition dated April 15, 2008.

  Defendants object to the production of any witness(es) to testify concerning the topics set forth in plaintiff's notice and seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) precluding the requested deposition testimony on the ground that such testimony would have no relevance to any of plaintiff's articulated claims in this matter and that requiring defendants to produce one or more witnesses to testify concerning the listed subjects would be oppressive and an undue burden.

  On October 1, 2007 in connection with Defendants' Initial Disclosures Pursuant To Rule 26(A)(1) Of The Federal Rules Of Civil Procedure, defendants routinely produced the Round Robin Report for plaintiff from the Central Police Index Report ("CPI") maintained by the NYPD as part of the initial document production in this matter. The Round Robin Report from the CPI is a printout of a computer listing of an Police Officer's history of excessive use of annual and sick leave[2], less than satisfactory performance evaluations, investigations concerning the officer, disciplinary actions proposed concerning the office and employment related matters. The Round Robin Report produced in this action dated October 20, 2006, bearing Bates Stamp Nos. WL 0013 to WL 0016, mostly lists a long record of plaintiff's excessive use of sick leave. The last entry was on March 6, 2002 reflecting that plaintiff had been in a Chronic Sick Leave Status, Category A since July 3, 2001.

  Plaintiff asserts, in this action, that he was discriminated against on basis of race and color and was retaliated against in 2006 after he settled his claims in the earlier Latino Officers Association ("LOA") class action litigation leading to his alleged constructive discharge from the NYPD in August 2006. Inasmuch as the last entry on plaintiff's Round Robin Report predates the events giving rise to <u>this</u> action by four years, defendants can perceive no connection between any 30(b)(6) testimony concerning plaintiff's report in particular and how such reports are generally maintained and prepared with any claim plaintiff asserts in <u>this</u> action.

  Accordingly, in an effort to glean the relevance such a witness or deposition would have in this matter, I spoke with plaintiff's counsel via telephone on May 2, 2008 and again on May 6, 2008. Upon my inquiry of Mr. Upton as to the relevance of such a deposition, I was advised in conclusory fashion that I had previously provided him with a copy of plaintiff's Central Police Index Report ("CPI") in response to a discovery request, and that he has the right to depose someone with knowledge as to the manner in which it was created, maintained and used in the ordinary course of business at the NYPD. I noted my objection to this deposition in light of the claims asserted in the Amended Complaint in this matter but advised Mr. Upton that I

---

[2] As the Court may know, Police Officers employed with the NYPD are eligible for unlimited use of sick leave when circumstances so warrant.

would be in contact with him regarding this matter after I investigated it further.[3] In the mean time, plaintiff's counsel wrote his May 20 letter to the Court.

Courts have held that discovery is not permitted where the alleged basis for the discovery amounts to "pure conjecture," Lemanik v. McKinley Allsopp, Inc., 125 F.R.D. 602, 608 (S.D.N.Y. 1989), or "when the information requested has no conceivable bearing on the case," Evans v. Calise, 92 Civ. 8430 (PKL), 1994 U.S. Dist. LEXIS 6187, at *3 (S.D.N.Y. May 11, 1994). See Helt v. Metropolitan Dist. Comm., 113 F.R.D. 7, 12 (D. Conn. 1986)("[This] does not mean that the plaintiff may discover the documents at issue as a matter of course. They must still be 'relevant to the subject matter involved in the pending action.'")). Courts have ruled that "'[t]he parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'" Lemanik, 125 F.R.D. at 608 (quoting In re Surety Ass'n of America, 388 F.2d 412, 414 (2d Cir. 1967) (other citations omitted); accord Jones v. Capital Cities/ABC Inc., 168 F.R.D. 477, 480 (S.D.N.Y. 1996) ("The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.'"); Avnet, Inc. v. American Motorists Insurance Co., 115 F.R.D. 588, 592 (S.D.N.Y. 1987) ("The discovery rules are not a hunting license to conjure up a claim that does not exist."). Thus, "the party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." Evans, 1994 U.S. Dist. LEXIS 6187, at *4.

Here, as explained above, defendants can perceive no permissible basis for the requested rule 30(b)(6) deposition and plaintiff's counsel has not provided any such basis to defendant's counsel. Accordingly, defendants oppose plaintiff's May 20, 2008 request to the Court and seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) precluding the requested deposition testimony on the ground that such testimony would have no relevance to any of plaintiff's articulated claims in this matter and that requiring defendants to produce one or more witnesses to testify concerning the listed subjects would be oppressive and an undue burden.

Respectfully submitted,

Andrez Carberry (AC 4267)
Assistant Corporation Counsel

cc:   John Ware Upton (Electronic Mail)
    Attorney for Plaintiff
    70 Lafayette Street
    New York, New York 10013
    (212) 233-9300

---

[3] On May 8, 2008, the parties appeared before Your Honor to address the varying discovery disputes in this matter and this issue was not raised by Mr. Upton.