```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
WALTER LIPSCOMB,

                Plaintiff,                    07 Civ. 4603 (PKC)

        -against-
                                              SECOND AMENDED COMPLAINT
THE CITY OF NEW YORK, DEPUTY                  AND DEMAND FOR JURY
INSPECTOR THERESA SHORTELL,
LIEUTENANT MICHAEL CASEY, AND                 ECF CASE
SERGEANT VINCENT GRAVELLI,

                Defendants.
-------------------------------------X
```

Plaintiff, Walter Lipscomb, by his attorney, Andrew A. Rowe, complains of defendants as follows:

<u>JURISDICTION AND VENUE</u>

1. This is an action brought to remedy discrimination and retaliation in employment on the grounds of race, color and a medical condition, in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII"); 42 U.S.C. § 1981; the New York State Human Rights Law, Executive Law § 290 <u>et seq.</u> ("Human Rights Law") the New York City Human Rights Law, New York City Administrative Law § 8-107 and the "Family Medical Leave Act" 29 U.S.C. 2601.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1981.

3. Declaratory and injunctive relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. § 2000e(f), (g)(1), and (g)(2)(B)(i). Compensatory damages are

sought pursuant to 42 U.S.C. § 1981a; and Executive Law § 297(9). Punitive damages are sought pursuant to 42 U.S.C. § 1981a.

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. § 2000e-5(g)(2)(B)(i) and (k), and 42 U.S.C. § 1988.

5. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices occurred within this judicial district.

6. Plaintiff filed a charge of discrimination against defendants with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about August 24, 2006. On or about February 28, 2007, the EEOC issued plaintiff a notice informing him of his right to sue defendants. Plaintiff has fully complied with all prerequisites to jurisdiction in the Court under Title VII.

## PARTIES

7. Plaintiff is an African-American male.

8. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

9. At all pertinent times herein, Defendant Theresa Shortell, a white female, was a Deputy Inspector at the NYPD and the commanding

officer of the plaintiff's precinct, the Sixth Precinct, and was responsible for and participated in the personnel decisions concerning plaintiff.

10. At all pertinent times herein, Defendant Michael Casey, a white male, was a lieutenant in the NYPD assigned to the Sixth Precinct who participated in many personnel actions and decisions concerning plaintiff.

11. At all pertinent times herein, Defendants Vincent Gravelli, a white male, was a sergeant in the NYPD assigned to the Sixth Precinct who participated in many personnel actions and decisions concerning plaintiff.

12. At all times relevant herein, Defendants City of New York, Shortell, Casey and Gravelli acted under color of state law in the course and scope of their duties and functions as agents, employees, and officers of the City and/or the NYPD in engaging in the conduct described herein. At all times relevant herein, these defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and incidental to the otherwise lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD. They are sued in their individual and official capacities.

13. At all times herein, each defendant herein acted pursuant to the customs and policies of the defendant City of New York and the NYPD.

14. At all times relevant herein, defendants Shortell, Casey and Gravelli have violated clearly established constitutional standards

under the First, Fourth and the Fourteenth Amendments of which reasonable police superintendents, supervisors and officers, under the circumstances, would have been aware.

## FACTS

15. Plaintiff was employed by the NYPD on or about January 9, 1986. He was assigned to the Sixth Precinct in 1987 and remained there for the rest of his police career.

16. In or about 2003, plaintiff became a member of the class in the class action lawsuit <u>Latino Officers Association et al. v. The City of New York et al.</u>, 99 Civ. 9568 (LAK)(KNF), which alleged that defendants, among other things, discriminated against persons of color in connection with disciplinary actions and procedures. Until approximately November 2005, the Court and the NYPD investigated the discrimination allegations of Plaintiff Walter Lipscomb and other class members.

17. In or about October 2005, Defendant Shortell became the Commanding Officer at the Sixth Precinct.

18. As of November 2005, defendants took race and color in consideration with respect to personnel decisions, and thereafter treated white persons more favorably than persons of color in such decisions.

19. Defendants Casey and Gravelli were aware that Detective James Gillespie made racist comments but never took steps to stop said comments or discipline Gillespie. In approximately November 2005, defendant Gravelli witnessed Detective Gillespie making racist jokes in front of plaintiff and, when plaintiff complained about it, defended Gillespie.

20. During the latter stages of the pendency of <u>Latino Officers Association v. City of New York</u> and after the case's completion, defendants carried out a number of acts intended to discriminate against plaintiff due to his race and color, and to retaliate against him because of his participation in <u>Latino Officer Association v. City of New York</u>.

21. Among other things, said discrimination and retaliation included: plaintiff's schedule was changed to be more inconvenient by defendant Casey, plaintiff was discriminatorily ordered to give special scrutiny to African-American street vendors working legally, and his access to overtime was limited.

22. In February 2006, plaintiff received a monetary award as damages in connection with the <u>Latino Officers Association</u> class action.

23. In approximately February 2006, Captain Eric Adams, an African-American male and proponent of equal employment opportunity in the Sixth Precinct, retired.

24. In March 2006, defendants Shortell, Casey, and Gravelli worked together in reorganizing the Community Policing Unit (CPU), of which plaintiff was the senior member and only African-American. Defendants removed plaintiff from the CPU and placed him on regular patrol while permitting three less qualified white officers, including Detective Gillespie, to remain in the unit.  Plaintiff had received superior evaluations for his performance in said unit.

25. Defendants claim that Plaintiff was removed from his Unit because of his "poor sick record".

26. Plaintiff has asthma and his absences were as a result of asthma flare ups. Defendants were on notice that Plaintiff has

5

suffered from Asthma for his entire Twenty-one years as an Officer with the N.Y.P.D.

27.  Plaintiff's abscences were all approved due to his amatic condition.

28.  In addition, defendants harassed plaintiff with respect to his is time and attendance, and other rules by refusing to approve his overtime.

29.   In violation of Federal and state law, Plaintiff was removed from his unit.

30.  On April 4, 2006, plaintiff complained to the NYPD's Office of Equal Employment Opportunity, but that office failed to properly investigate plaintiff's complaint before closing the case in August of 2006.

31.  As a result of defendants' violation of Federal and State Law, harassment, hostile environment, discrimination, and retaliation, plaintiff experienced significant stress and his work environment became intolerable, forcing plaintiff to resign from the NYPD. Plaintiff has been damaged due to lost salary and benefits, a lost career and reputation, emotional distress, and other losses.

<u>FIRST CAUSE OF ACTION</u>

32.  The allegations of paragraphs 1 - 22 are incorporated herein as if set forth in full.

33.  Defendant City of New York discriminated against the plaintiff because of his race in violation of Title VII.

34.  Defendant City of New York retaliated against plaintiff because of his opposition to discriminatory practices, in violation of Title VII.

35.  As a result of Defendant City of New York's discriminatory

6

and retaliatory termination of plaintiff, plaintiff suffered monetary and emotional distress. Defendant engaged in these discriminatory practices with malice and with reckless indifference to plaintiff's rights protected under Federal law.

### SECOND CAUSE OF ACTION

36. The allegations of paragraphs 1 - 26 are incorporated herein as if set forth in full.

37. Defendants discriminated against plaintiff, thereby denying plaintiff the same right to make and enforce contracts as is enjoyed by white citizens, in violation of 42 U.S.C. § 1981.

38. Defendants retaliated against plaintiff because of his opposition to discriminatory practices, thereby denying plaintiff the same right to make and enforce contracts as is enjoyed by white persons, in violation of 42 U.S.C. § 1981.

39. As result of defendants' actions, plaintiff suffered monetary and emotional injury which plaintiff will continue to suffer unless and until this Court grants relief. Defendant engaged in these discriminatory practices with malice and with reckless indifference to Lipscomb's rights protected under Federal law.

### THIRD CAUSE OF ACTION

40. The allegations of paragraphs 1 - 30 are incorporated herein as if set forth in full.

41. Defendant City of New York discriminated against the plaintiff because of his race and color and retaliated against plaintiff due to his opposition to discriminatory practices in violation of the Human Rights Law.

42. Defendants Shortell, Casey and Gravelli aided, abetted,

7

incited, compelled and/or coerced the discrimination and retaliation against the plaintiff in violation of the Human Rights Law.

43. As a result of said defendants' discrimination and retaliation, plaintiff has suffered and will continue to suffer monetary and emotional damages unless and until this Court grants relief. Defendants willfully and maliciously engaged in these discriminatory practices.

### FOURTH CAUSE OF ACTION

44. The allegations of paragraphs 1 - 34 are incorporated herein as if set forth in full.

45. Defendants discriminated against the plaintiff because of his race and color and retaliated against plaintiff due to his opposition to discriminatory practices in violation of the New York City Human Rights Law.

46. As a result of said defendants' discrimination and retaliation, plaintiff has suffered and will continue to suffer monetary and emotional damages unless and until this Court grants relief. Defendants willfully and maliciously engaged in these discriminatory practices.

### FIFTH CAUSE OF ACTION

47. The allegations of paragraphs 1 - 37 are incorporated herein as if set forth in full.

48. Defendants Shortell, Casey and Gravelli individually and in concert deprived plaintiff of his rights under the Fourth, Fifth and Fourteenth Amendments under color of state law in violation of 42 U.S.C. §§ 1983 and 1985.

49. As a result, plaintiff has suffered and will continue to

suffer monetary and emotional damages unless and until this Court grants relief.  Defendants willfully and maliciously engaged in these discriminatory practices.

### SIXTH CAUSE OF ACTION

50.    The allegations of paragraphs 1 - 40 are incorporated herein as if set forth in full.

51.    Defendant City of New York pursued a policy and custom of discrimination and retaliation by failing to train and supervise its supervisory officers with respect to the laws concerning discrimination and retaliation.  The City of New York is therefore liable for the violation of plaintiff's rights caused by the individual defendants.

52.    As a result of said defendants' discrimination and retaliation, Lipscomb has suffered and will continue to suffer monetary and emotional damages unless and until this Court grants relief.  Defendants willfully and maliciously engaged in these discriminatory practices.

### SEVENTH CAUSE OF ACTION

49.    The allegations of paragraphs 1-45 are incorporated herein as
if set forth in full.

50.    Defendant city of New York puts forth a defense to its actions which in themselves are a violation of the Family Medical Leave Act. Deputy Inspector Shortel states that the reason the plaintiff was removed from his unit and demoted to patrol was because of his number of medically approved intermittent absences. The Defendant City of New York pursued a policy and custom of discrimination and retaliation by failing to train and supervise its

9

supervisory officers with respect to the laws concerning discrimination and retaliation and medical leave. The City of New York is therefore liable for the violation of plaintiff's rights caused by the individual defendants.

51. As a result of said defendants' discrimination and retaliation, Lipscomb has suffered and will continue to suffer monetary and emotional damages unless and until this Court grants relief. Defendants willfully and maliciously engaged in these discriminatory practices.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of Title VII, 42 U.S.C. § 1981, 1983 and 1985, the Human Rights Law, the New York City Human Rights Law, and the "Family Medical Leave Act" 29 U.S.C. 2601;

(b) Directing Defendant City of New York to take such affirmative action as is necessary to ensure that such unlawful employment practices are not repeated;

(c) Directing Defendant City of New York to place plaintiff in the position he would have occupied but for its discriminatory and retaliatory actions, and to make him whole with respect to compensation including but not limited to back wages, future wages, stipends, bonuses, pensions, and other lost benefits;

(d) Directing defendants to pay plaintiff compensatory damages

for his mental anguish and humiliation in the amount of Two Hundred Fifty Thousand dollars ($250,000.00);

(e) Directing defendants to pay plaintiff punitive damages;

(f) Awarding plaintiff the costs of this action, applicable interest, and reasonable attorney's fees; and,

(g) Granting such other and further relief as this Court deems just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all of the causes of action herein.

Dated: July 18, 2008
       Brooklyn, New York

_____
ANDREW A. ROWE (AR-3581)
25 WASHINGTON St.  Suite 303
Brooklyn, N.Y.  11201
718-407-0970
718-213-4160
Attorney for Plaintiff